*A. Churchill*, for the defendant.

---

## CHARLES RIVER BRANCH RAILROAD COMPANY *vs.* COUNTY COMMISSIONERS OF NORFOLK.

The filing, with the clerk of the county commissioners, within three years after the filing of the location of a railroad, of a petition for the assessment of damages for land taken for such road, is not a sufficient application to the commissioners, under the Rev. Sts. c. 39, § 58; and if the commissioners first take action thereon after the expiration of the three years, their proceedings will be quashed on *certiorari.*

PETITION, filed at February term 1855, for a writ of *certiorari* to quash the proceedings of the county commissioners of Norfolk, assessing damages to Charles H. Dana and others for land taken by the Charles River Branch Railroad Company for the location of their railroad. One of the grounds of the petition for a *certiorari* was, that the application of said Dana and others to the county commissioners for the assessment of damages was not made within three years after said location.

The following facts were proved: The description of the location was duly filed with the commissioners on the 30th of April 1851. On the 29th of September 1853 Dana and others presented their petition to the clerk of the commissioners, who

33 *

marked it as filed on that day. The commissioners were not then in session, a meeting held by them on the 27th of said September having been adjourned to the 4th of October 1853; and the petition was not brought to their notice, nor anything done with it, until the 14th of June 1854, at a meeting of the commissioners held by adjournment from the 18th of April 1854; and on said 14th of June the commissioners issued an order of notice thereon. At the return of the order of notice, the railroad company appeared specially, and moved to dismiss the petition, because it was not made within three years after the filing of the location. But the commissioners overruled the motion, and subsequently assessed damages under that petition.

*S. F. Plimpton,* for the petitioners.

*E. Worthington,* for the respondents. 1. The error alleged is merely formal and technical, not injurious to the rights of the railroad company; while a reversal of the proceedings would occasion great injustice to the owners of the land; and therefore a *certiorari* should not be granted. *Hancock* v. *Boston,* 1 Met. 122. *Gleason* v. *Sloper,* 24 Pick. 181.

2. The petition for damages was sufficiently filed, either on the 29th of September 1853, or at the next adjourned meeting which was a proper one to receive petitions. *St.* 1839, *c.* 76, § 2. *Eaton* v. *Framingham,* 6 Cush. 245.

BIGELOW, J. The clerk of the county commissioners had no authority by law to receive the petition for an assessment of damages against the railroad corporation. Such petition must either be made to the county commissioners in regular session, under the Rev. Sts. *c.* 39, §§ 56 & *seq.,* or to the commissioners or their chairman, under *St.* 1839, *c.* 76, §§ 2, 3. The filing of a petition with the clerk was not such an application as the law requires. This was settled in *Eaton* v. *Framingham,* 6 Cush. 245. The petition not having been duly filed with the commissioners until after the expiration of three years from the filing of the location of the railroad, the commissioners had no authority to assess damages under the petition. They acted wholly without jurisdiction. *Charlestown Branch Railroad* v *County Commissioners,* 7 Met. 78. *Writ of certiorari to issue.*